IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY C. DIXON, #138238, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0811-WS-N |
| CMS MEDICAL, et al., | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

This action, filed under 42 U.S.C. § 1983 by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Upon consideration, it is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the present action, the Court discovered in reviewing the docket that this action was filed by an inmate who previously had at least three actions or appeals dismissed either as frivolous or for failure to state a claim upon which relief can be granted, namely, Dixon v.

Alabama Dep't of Corrections, et al., CA 95-0395 (M.D. Ala. Apr. 24, 1995); Dixon v. Central Classification, et al., CA 97-1472-MHT-JLC (M.D. Ala. Nov. 19, 1997), appeal dismissed as frivolous, (11th Cir. Mar. 23, 1998); and Dixon v. Thomas, et al., CA 06-0164-WKW-TFM (M.D. Ala. July 30, 2008), appeal dismissed as frivolous, (11th Cir. Feb. 19, 2009). Thus, plaintiff comes within the purview of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury." Therefore plaintiff's complaint (Doc. 1) must be reviewed to determine if he has pled sufficient facts to show that he is "under imminent danger of serious physical injury."

Plaintiff's complaint was received by the Court on December 14, 2009. (Doc. 1). However, plaintiff specifies the date his claims arose as being August 31, 2009. (Id. at 2). Based on these dates it appears that Plaintiff's claims occurred a considerable period of time *before* the filing of the complaint, thereby undercutting any showing of imminency. Furthermore, the Court notes that many of plaintiff's claims are very similar to his claims in Dixon v. Mosley, et al., CA 09-0757-WS- B, which was filed for past actions that also occurred on August 31, 2009 and which is also being recommended for dismissal pursuant to 28 U.S.C. § 1915(g).

In the instant action, plaintiff's allegations are jumbled and are therefore not very clear. The Court can discern only that the allegations are chiefly centered on plaintiff's incarceration at Loxley Work Release where, on August 31, 2009, he "was ordered to put all of his properties into a[] carboard box." (Doc. 1 at 8). Plaintiff was then transferred without his property and has not seen it since nor has he been given an inventory sheet for the property. (Id. at 3,5, 8, 9).

Prior to plaintiff's transfer from work release, defendant January told plaintiff that if he

2

could not work at Robertsdale, she would send him to Fountain Correctional Center. (Id. at 9). Plaintiff claims that working in conditions with a 115- to 125-degree heat index aggravated his high blood pressure. (Id. at 10). As a result, plaintiff was transferred to Fountain Correctional Center, allegedly without due process because he contends that he has liberty interest in work release. (Id. at 2). Plaintiff further maintains that he "was transfer[r]ed to a population [where] documented enemies exist [and] where [he] fears for his life." (Id. at 8). Recently, on December 10, 2009, plaintiff was transferred from population to segregation allegedly on "trump[]ed up charges" pending custody reclassification. (Id. at 2). For relief plaintiff seeks $5,000,000.00 for lost and damaged property and $5,000,000.00 in damages on a medical claim that is not clearly defined but concerns the prior amputation of a finger. (Id. at 12).

The harms concerning work release, transfer therefrom, and loss of property occurred at a time *prior* to the complaint's filing on or about December 14, 2009. Past harm, however, does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).

By focusing on past actions in connection with his claims based on work release and the

3

loss of property, plaintiff neglects to allege specific facts showing that he is "under imminent danger." In addition, his claim for placement in segregation lacks specific facts to show that a danger is imminent. Furthermore, the complaint is mute about an impending, concrete serious physical injury. "[T]he plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished). Accordingly, plaintiff has failed to show that he was "under imminent danger of serious physical injury" when he filed the present action.

Thus, the Court concludes that this action is precluded by § 1915(g) because plaintiff failed to satisfy the exception and, as a consequence, he should be denied in forma pauperis status in this action. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this 9th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION

4

AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                /s/ Katherine P. Nelson
                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

5